## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL UNION OF PAINTERS AND    :
ALLIED TRADES DISTRICT COUNCIL 21    :
WELFARE FUND,    :   Case No. 2:26-cv-4703
    BERNIE SNYDER, in his official capacity as    :
    a fiduciary,    :
2980 Southampton-Byberry Road    :
Philadelphia, PA 19154    :
    :
    and    :
    :
INTERNATIONAL PAINTERS AND ALLIED    :
TRADES INDUSTRY PENSION FUND,    :
7234 Parkway Drive    :
Hanover, MD 21076    :
            Plaintiffs,    :
    :
          v.    :
    :
WALSH GLASS WORKS, LLC    :
81 Pension Road, Suite 109    :
Manalapan, NJ 07726    :
    :
    And    :
    ;
DANIEL WALSH    :
81 Pension Road, Suite 109    :
Manalapan, NJ 07726    :
    :
          Defendants.    :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §

185(a); ERISA 29 U.S.C. § 1332 and/or 29 U.S.C. § 1145. The claims asserted are all made under

federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28

U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiff, International Union of Painters and Allied Trades District Council 21 Welfare Fund ("Welfare Fund")[1], is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

5.      Plaintiff, Bernie Snyder, is a trustee and fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Welfare Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

6.      The Welfare Fund and Snyder are authorized collection fiduciary(ies) and agent(s) for:

(a)      IUPAT District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b)      IUPAT District Council No. 21, an unincorporated labor organization

---

[1] International Union of Painters and Allied Trades is hereinafter abbreviated as "IUPAT."

2

within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Effective June 1, 2022, IUPAT District Council 711 was merged into and succeeded by IUPAT District Council No. 21 and the combined entity is referred to herein as "Union." At all times relevant to this Complaint, the Union was the collective bargaining agent for the covered employees of Defendant, Keepainting, LLC, Inc., for work performed in Pennsylvania and New Jersey; and

(c)    IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region ("Apprenticeship Fund"); the National Apprenticeship Fund; the IUPAT DC 21 Scholarship Fund ("Scholarship Fund"); District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund; IUPAT District Council No. 21 Vacation Fund; IUPAT District Council No. 21 Benevolent Fund; IUPAT District Council No. 21 Political Action Fund; and the IUPAT District Council No. 21 Industry Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 PA Funds"); and

(d)    DC21 NJ Vacation Fund f/k/a International Union of Painters and Allied Trades District Council 711 Vacation Fund; FTI of the Mid-Atlantic Region f/k/a District Council 711 Finishing Trades Institute; New Jersey Industrial Painters Association, Inc. Industry Advancement Fund; DC21 NJ Labor Management Fund/Joint Trade Board f/k/a District Council 711 Labor Management Fund; IUPAT DC21 NJ PAC f/k/a IUPAT District Council 711 Political Action Fund; Safety Training Recognition Awards Program ("STARS"); District Council 711 Health and Safety Monitoring Fund; and District Council 21 Job Targeting Program  f/k/a District

3

Council 711 Job Targeting Program (altogether "DC 21 NJ Funds").

7. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan").

(a) The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Pension Fund in the caption of this Complaint.

(b) The Pension Fund is an authorized collection fiduciary(ies) and agent(s) for the International Union of Painters and Allied Trades ("IUPAT"), International Painters and Allied Trades Industry Annuity Plan ("IPAT Annuity"), Labor Management Cooperation Fund ("LMCF"), Finishing Trades Institute ("FTI"), and International Political Action Committee ("IPAC").

8. The Welfare Fund is an authorized collection agent for the Pension Fund for signatory employers within the geographic jurisdiction of the Union (i.e., Pennsylvania and New Jersey). Under this arrangement, the Welfare Fund collects all amounts owed for the Pension Plan, IPAT Annuity, LMCF, FTI, IPAC, and IUPAT (altogether with DC 21 PA Funds and DC 21 NJ Funds, "Funds") as required by the Collective Bargaining Agreement ("CBA") and forwards them on to the Pension Fund.

9. The Welfare Fund, Annuity Fund, Apprenticeship Fund, Scholarship Fund, Pension Fund, and any Funds to the extent they qualify as qualified employee benefit plans under ERISA, are jointly or severally referenced as "ERISA Funds."

10.    Based on the information available to the Funds, Defendant, Walsh Glass Works, LLC, ("Defendant" or "Company") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

11.    Individual Defendant, Daniel Walsh is in possession of plan assets that were required to be paid into the applicable Plan/Fund. Daniel Walsh is listed as the Registered Agent and Principal of Company with the New Jersey Department of Revenue. As of July 7, 2026, Company's status in New Jersey was active.

12.    The Trust Agreement defines Plaintiff Funds  as "comprised of all assets and liabilities of the Welfare Fund, all contributions paid *or due* to or for the Welfare Fund pursuant to collective bargaining agreements . . ." (emphasis added).

13.    Daniel Walsh is a fiduciary of the Funds pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which states that even for individuals not explicitly named as fiduciaries, the power to allocate plan assets renders them subject to ERISA as de-facto fiduciaries. 29 U.S.C. § 1001, et. seq. 29  U.S.C.  §  1002(21)(A).

14.    Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries… for the exclusive purpose of… providing benefits to [them]." 29 U.S.C. § 1104(a)(1).

15.    Daniel Walsh breached his duty when he withheld the assets of the Funds by refusing to make contributions due and owing under the CBA and Trust Documents. Hence, Daniel Walsh is jointly and severally liable with the Company for the portion of the total liability that is due to the Funds.

**COMMON FACTS**

16.     At all times relevant to this action, the Defendant was party to one or more collective bargaining agreement(s) (singly or jointly, "CBA") with the Union.

17.     Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Welfare Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan and other governing documents for the Welfare Fund. The Welfare Fund governing documents include, but are not limited to, the Welfare Fund's Collection Policy.

18.     Under the CBA, Trust Agreements, plan documents, or other governing documents of the Funds, Defendant agreed:

> (a)     To make full and timely payment on a regular basis to the Funds;
>
> (b)     To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the CBA or Trust Agreement;
>
> (c)     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds;
>
> (e)     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b), and (c).

6

19.     The CBA, Trust Agreements' governing documents, and Collection Policy also require Defendant to pay the Funds interest on late-paid contributions, liquidated damages, audit costs, and attorney costs and fees incurred in the cost of collection.

20.     Based on an audit of Company's accounts dated July 24, 2024, Company performed work covered by the CBA for at least the period January 2017 through August 2022, but did not submit all contributions owed.

21.     Based on the audit dated July 24, 2024, Company owes the Funds $8,290.90 in delinquent contributions for the period January 2017 through August 2022, and at least $4,668.78 in interest, liquidated damages, and cost of audit.

22.     In addition to these amounts, based on remittance reports that the Company did submit to the Funds, Company performed work covered by the CBA for at least the period of January 2026 through present, but did not submit all contributions owed.

23.     Based on remittance reports that the Company did submit to the Funds, Company owes the Funds $31,216.71 in delinquent contributions for the period February through March 2026, plus at least $7,730.23 in liquidated damages and interest owed for late-paid contributions.

24.     Since Company has not consistently submitted subsequent reports or contributions to the Funds, the Funds are unable to plead the precise nature, extent, and amount of Company's delinquency for subsequent periods.

25.     Additionally, the Fund's auditors have contacted the Company regarding a payroll compliance audit for the period September 1, 2022, through December 31, 2024.

26.     The Company has failed to cooperate and/or provide necessary information respecting the Funds' performance of an ongoing payroll audit.  As a result, the Funds are unable to determine additional amounts due.

27.    On April 28, 2025, June 18, 2025, October 6, 2025, and May 5, 2026, Fund Counsel sent demand letters to the Employer on behalf of the Funds for contributions due for the previous audit and all outstanding periods, and compliance with the ongoing payroll audit.  The letters demanded payment and compliance within ten days of the date of the letter.  To date, the Funds have not received payment of the outstanding contributions or the corresponding remittance reports.  The Employer did not respond to the letters or comply with the payroll audit.

28.    The Funds were unsuccessful in their attempts to amicably resolve this delinquency with Company before filing a lawsuit.

29.    All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

**COUNT I –**

**<u>CONTRIBUTIONS DUE UNDER CONTRACT</u>**

30.    The allegations of Paragraphs 1 through 29 are incorporated by reference as if fully restated.

31.    Defendant failed to timely make complete contributions to the Funds as required by the CBA or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

32.    Based upon information currently available to the Plaintiffs, Company failed to pay amounts due under the CBA, Trust Agreements, and Plan in at least the amount of $39,507.61 in contributions due under the CBA for the period January 2017 through February 2026, plus at least $12,399.01 in interest, liquidated damages, and cost of audit, in violation of 29 U.S.C. § 1145.

33.    The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the CBA or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

8

(1)    Enter judgment against the Defendant in favor of the Plaintiffs individually for the amount of contributions owed, together with liquidated damages, interest, and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the CBA or Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II –

### CONTRIBUTIONS DUE UNDER ERISA

34.    The allegations of Paragraph 1 through 33 are incorporated by reference as if fully restated.

35.    Defendant failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

36.    Based upon information currently available to the Plaintiffs, Company failed to pay amounts due under the CBA, Trust Agreements, and Plan in at least the amount of $39,507.61 in contributions due under the CBA for the period January 2017 through February 2026, plus at least $12,399.01 in interest, liquidated damages, and cost of audit, in violation of 29 U.S.C. § 1145.

37.    The Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enter judgment against Defendant in favor of the Funds individually for the contributions found due and owing, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan

document or statute, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment; and

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**COUNT III –**

**<u>AUDIT</u>**

38.  The allegations of Paragraph 1 through 37 are incorporated by reference as if fully restated.

39.  Company is required by the CBA, Trust Agreements, and applicable law to permit the Funds to audit the records and to cooperate in determining the contributions due to the Plaintiffs.

40.  The amount of contributions and work dues Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the CBA.  Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of Company's delinquency since the books, records, and information necessary to determine this liability are in the exclusive possession, custody, and control or knowledge of the Company.

41.  Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

42.  Company's failure to timely report all hours worked that were covered by the CBA requires an audit to determine the extent to which Company has failed to accurately report hours worked and submit accurate contributions to the Funds.

43.    The Funds previously audited Company's payroll books and records through August 2022.

44.    Plaintiffs have no adequate remedy at law because the calculation of all damages suffered as a result of the breach itself requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enjoin the Company, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to permit an audit by the Funds' auditors of all records under their actual or constructive control for the period September 1, 2022, through present, and in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV –

### CONTRIBUTIONS DUE UNDER CONTRACT AFTER AUDIT

45.    The allegations of Paragraph 1 through 44 are incorporated by reference as if fully restated.

46.    Company failed to submit contributions to the Funds as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

47.    The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control, or knowledge.

11

48.     The Plaintiffs have been damaged by the Company's failure to make contributions as required by the CBA or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including audit fees and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the CBA or Trust Agreements; and

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**COUNT V –**

**<u>CONTRIBUTIONS DUE UNDER ERISA AFTER AUDIT</u>**

49.     The allegations of Paragraph 1 through 48 are incorporated by reference as if fully restated.

50.     Company failed to make contributions to the ERISA Funds in violation of 29 U.S.C. Section 1145 in a period not barred by any applicable statute of limitations or similar bar.

51.     The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control, or knowledge.

52.     The ERISA Funds have been damaged by the Company's violation of 29 U.S.C. Section 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with interest at the rate prescribed by 26 U.S.C. Section 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute, and reasonable attorneys' fees and costs incurring in this action and with any proceeding to enforce or collect any judgment; and

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

Dated: July 7, 2026                BY: /s/ Daniel J. Symonds
Daniel J. Symonds
Attorney ID #337779
230 South Broad Street Suite 1650
Philadelphia, PA 19102
215.732.0101
dsymonds@spearwilderman.com
*Attorney for Plaintiffs*

13